CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
03/21/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
  DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGIN

| | |
|---|---|
| WARREN MINIFEE, | ) |
| Plaintiff | ) |
| v. | ) Case No.: 6:18CV00038 |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant | ) |

## COMPLAINT

WARREN MINIFEE ("Plaintiff"), by and through his attorneys, The Gillispie Law Firm, P.C., allege the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Virginia, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Monroe, Virginia.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around May 2013 and continuing through November 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing

system and/or automatic and/or pre-recorded messages as he would be regularly greeted with a discernible delay or a pre-recorded message prior to speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Although Plaintiff had an account with Defendant, he revoked consent for Defendant to call when calls first started in or around May 2013 and told them to stop calling him several times thereafter through the fall of 2015, thereby revoking any consent Defendant might have had or thought it had to call.

17. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

18. Defendant heard and acknowledged Plaintiff's demands to stop calling his cellular telephone number.

19. Nevertheless, Defendant persisted in calling Plaintiff on his cellular telephone multiple times per day thereafter.

20. Plaintiff found Defendant's calls to be invasive, harassing, frustrating, aggravating, and upsetting.

21. In addition to the incessant calls from Defendant, Plaintiff also received automated voice messages.

22. Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. After Defendant was told to stop calling it knew or should have known that any consent to call it thought it had was revoked.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WARREN MINIFEE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WARREN MINIFEE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: March 21, 2018

By: */s/ Robert R. Gillispie*
Robert R. Gillispie, Esq.
The Gillispie Law Firm, P.C.
P.O. Box 6025
Leesburg, VA 20178
Phone: (571) 252-7840
Fax: (571) 252-7843
Email: robert@gillispielaw.com